UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:23-cv-00124

CLAYTON KUHN, individually and on
behalf of all others similarly situated,       CLASS ACTION

    Plaintiff,

v.

BEST BUY CO., INC.,

    Defendant.
_____/

**JOINT NOTICE OF SETTLEMENT IN PRINCIPLE AND MOTION TO STAY ACTION FOR THIRTY DAYS PENDING COMPLETION OF WRITTEN SETTLEMENT AGREEMENT**

Plaintiff Clayton Kuhn ("Plaintiff") and Defendant Best Buy Stores, L.P., erroneously sued as Best Buy Co., Inc., ("Defendant") (collectively, the "Parties") hereby jointly give notice that that they have reached a settlement in principle to resolve this action on an individual (non-class) basis and jointly move for an Order entering a short stay of all proceedings pending finalization of a written settlement agreement. In connection with ongoing settlement discussions, the Parties have reached a settlement in principle that will resolve Plaintiff's claims against Defendant and result in a dismissal of the action with prejudice. This individual settlement will obviate the need for further motion practice or litigation of this case.

1

To save this Court's and the Parties' resources, the Parties request a short stay of these proceedings (including all deadlines) for 30 days, so that the Parties can devote their resources to drafting, finalizing, and executing a settlement agreement that memorializes the settlement in principle ("Settlement Agreement") and then filing the appropriate Rule 41 notice of dismissal with prejudice, which will end this case.

## MEMORANDUM OF LAW

Since the inception of this case, the Parties have engaged in multiple settlement-related discussions. On February 22, 2023, the Parties reached a settlement in principle, subject to the execution of a written Settlement Agreement, to settle this case on an individual basis and resolve Plaintiff's claims against Defendant. The Parties are diligently working together to draft and finalize a written Settlement Agreement that memorializes their settlement in principle. The Parties anticipate needing no more than 30 days to draft, finalize, and execute a Settlement Agreement in this case.

It is well settled that this Court has the authority to stay proceedings to manage its docket, based upon the circumstances of a particular case. *See, e.g., Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254 (1936); *Ferrari v. N. Am. Credit Services, Inc.*, 585 F. Supp. 3d 1334, 1338 (M.D. Fla. 2022).

Here, a short stay is particularly appropriate because the Parties have reached a settlement in principle. A stay is necessary so that the Parties can devote the requisite time to drafting, negotiating, and finalizing the Settlement Agreement, which will resolve this action in its entirety. After execution of the Settlement Agreement, Plaintiff will voluntarily dismiss this action with prejudice against Defendant.

A stay also will conserve the Parties' and the Court's resources. Plaintiff has not yet responded to Defendant's Motion to Compel Arbitration on an Individual Basis or, in the Alternative, to Dismiss for Failure to State a Claim (ECF No. 13). Moreover, the Court has ordered the Parties to confer over a discovery schedule and file a Case Management Report by February 27, 2023. (ECF No. 8.) A stay, therefore, will avoid the significant time and expense of motion practice and addressing case management issues. In addition, a stay will conserve the resources of the Court, because, once the Settlement Agreement is executed, the Court will not need to rule on Defendant's Motion to Compel Arbitration on an Individual Basis or, in the Alternative, to Dismiss for Failure to State a Claim or otherwise take any other action in this case.

In short, because the requested stay will save considerable time and expense for the Parties as well as conserve the Court's resources, the Parties collectively request that the Court stay all deadlines in the case for a short period of 30 days, so that the Parties can memorialize their settlement in principle and then file the necessary Rule 41 notice of dismissal of this action with prejudice.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), the Parties certify that they have conferred and jointly seek the relief requested in this motion.

| | |
|---|---|
| Dated:  February 23, 2023 | Respectfully submitted, |

| | |
|---|---|
| */s/ Benjamin W. Raslavich* | s/ *Clay M. Carlton* |
| Benjamin W. Raslavich | Brian M. Ercole, FL Bar No. 102189 |
| Kuhn Raslavich, P.A. | brian.ercole@morganlewis.com |
| FL Bar No.: 102808 | Clay M. Carlton, FL Bar No. 85767 |
| 2110 West Platt Street 33606 | clay.carlton@morganlewis.com |
| Tampa, FL 33606 | Javier A. Roldán Cora, FL Bar No. 1010311 |
| 813-422-7782 | javier.roldancora@morganlewis.com |
| Fax: 813-422-7783 | Morgan, Lewis & Bockius LLP |
| Email: ben@thekrfirm.com | 600 Brickell Avenue, Suite 1600 |
| | Miami, FL 33131-3075 |
| *Attorney for Plaintiff Clayton Kuhn* | |
| | *Attorneys for Defendant Best Buy Stores, L.P., erroneously sued as Best Buy Co., Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on February 23, 2023, via the Court's ECF system.

*/s/ Benjamin W. Raslavich*
Benjamin W. Raslavich
Kuhn Raslavich, P.A.
